Curia, per

Dunkin, Ch.
The leading facts of this case are set forth in the decree. The protection of a purchaser for valuable consideration stands on this; that he has, bona fide, acquired the legal title and paid the purchase money before notice of the plaintiff’s equity. If he has acquired the legal title but has not paid the purchase money before notice, his plea fails. So, if he has paid the purchase money, but has acquired no legal title, and then receives notice of the plaintiff’s equity, he cannot defeat that prior equity by procuring the legal title. These principles seem very well established by the authorities, to one or two of which only it is deemed necessary to advert. Ch. Justice Marshall, in Vattier v. Hinde, says “ the rules respecting a purchaser without notice are framed for the protection of him who purchases a legal estate and pays the purchase money without knowledge of an outstanding equity. They apply fully only to the purchaser of the legal estate. Even the purchaser of an equity is bound to take notice of any prior equity.” And so, in Boone v. Chiles, “ it is a general principle in Courts of Equity that, where both parties claim by an equitable title, the one who is prior in time, is deemed better in rightand when the. plaintiff has a prior equity this can be barred or avoided only by the union of the legal title with an equity arising from the payment of the money and the acquisition of the legal title, *135 without notice of the plaintiff’s equity. In Saunders v. De-hew it was ruled that “a purchaser shall not protect himself( by taking a conveyance from a trustee after he had notice of the trust, for, by taking a conveyance after notice of the trust, he himself becomes the trustee, and must not, to get a plank to save himself, be guilty of a breach of trust.” This principle is fully recognised in Willoughby v. Willoughby, reported from the manuscript notes of Lord Hardwicke in 1 T. R. 762.
2 Tern. 271.
2Strob. Eq. 379.
Under the deed from her father, Benjamin Foreman, the complainant was the equitable owner of the slaves, the legal title being in her trustee. When they were levied on and sold under an execution against her husband in Novr. 1843, the defendant, Neilson, became the purchaser. He acquired the title of the husband, and all the rights which the creditors of the husband were authorized to dispose of, and no more. Whether he paid five dollars, or five hundred, the rights of the purchaser were the same. But the husband had no right whatever in the slaves. Under the trust deed any interest or right on his part was expressly excluded. Something was said in the argument about the fraudulent possession of the husband. But the possession was in strict accordance with the provisions of the deed; and it is not an instrument which the law requires to be recorded. But all these questions were open for discussion in the suit at law instituted. by the trustee, and were solved by the jury against the purchaser at sheriff’s sales. It seems then very clear that although the defendant (the purchaser) may have paid his money to the sheriff without any knowledge of the plaintff’s right, he had no more claim to the slaves than if he had, ignorantly, purchased the property of any other third person which had been levied on and sold under an execution against S. B. Bush.
But the plaintiff’s trustee brought an action of trover against the defendant, Neilson, and obtained a verdict for $812 50. On this trial all the interests of the plaintiff under the trust deed were, of course, developed. No part of the judgment has ever been realized. — But it has been determined that the recovery in trover, without satisfaction, vested the legal title of the trustee in the defendant, Neilson. Bui, as was said on a former hearing of this cause, Neilson can certainly be in no better situation by this misapprehension of the trustee than if he had, at the time of the rendition of the verdict, purchased from him his legal title and paid him the money. Having then full notice of the equitable interests of the plaintiff, he cannot be permitted to shelter himself under a legal title thus acquired. Obtaining the legal title with knowledge of the trust, he becomes himself the trustee. But the defendant has not paid the verdict in trover. Neither the *136 plaintiff, nor her trustee, have ever received any value for the slaves which were taken from her possession ; and under the proceedings in trover the defendant is entitled to no more fa-voraye consideration than if he had received a bill of sale from the trustee, with full knowledge of the plaintiff’s equity, and had given to the trustee a bond for the purchase'money which was yet unpaid. In that case, or in any other view which the Court has been able to take, the rights of the plaintiff would not be divested, but she would be entitled to the aid of this Court either against the trustee, or his vendee, for the recovery of the property.
It is ordered and decreed that the decree of the Circuit Court be reformed — that the negroes described in the pleadings be delivered up to the complainant to be held subject to the provisions of the deed of the 12th August, 1835, and that the defendant, Neilson, account for the hire of the negroes while they were in his possession, and that his co-defendant, N. G. W. Walker, account for the hire since that time. It is further ordered and decreed that the defendant, David Foreman (the trustee) be perpetually enjoined from enforcing the judgment in trover against the defendant Joseph Neilson.
Johnston and Caldwell, CC. concurred.

Decree reformed.